IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHAD STEVENS,

          Plaintiff,

    v.

GENESIS CREDIT MANAGEMENT,
LLC, a foreign limited liability company;
EQUIFAX INFORMATION SERVICES,
LLC, a foreign limited liability company;
TRANS UNION, LLC, a foreign limited
liability company; and IPMG, Inc., an
Oregon Corporation,

          Defendants.

Case No. 6:15-cv-01898-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge:

Plaintiff Chad Stevens brings this action against defendants Genesis Credit Management, LLC ("Genesis"), Equifax Information Services, LLC ("Equifax"), IPMG, Inc. ("IPMG"), and Trans Union, LLC, asserting claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act, and Oregon law.[1] Equifax moves for summary judgment pursuant to Fed. R. Civ. P. 56. Oral argument was held on April 6, 2017. For the reasons set forth below, Equifax's motion should be granted in part and denied in part. As a result, claims remain against all defendants.

---

[1] The parties subsequently stipulated to the dismissal of Trans Union, LLC.

Page 1 – FINDINGS AND RECOMMENDATION

BACKGROUND

Plaintiff rented an apartment from IPMG in September 2006. Stevens Decl. ¶ 2 (doc. 45). He moved out of the apartment in March 2007 with no outstanding balance owed to IPMG. Id. at ¶ 4. In July 2015, Genesis (a collections agency) attempted to extract payments from plaintiff based on a debt he allegedly owed to IPMG. Id. at ¶ 5. Credit reporting agency ("CRA") Equifax disclosed Genesis's collection attempts on plaintiff's consumer credit report. Id. at ¶ 6. Plaintiff contacted Genesis in early July 2015 disputing the alleged debt. Id. at ¶ 7. On July 16, 2015, Genesis responded to plaintiff by letter ("Genesis Letter"), stipulating he owed no debt to IPMG and that the account "was assigned in error." Id. at Ex. A. Genesis then stated it would instruct CRAs to delete plaintiff's collections account from his consumer credit report. Id.

Nevertheless, Equifax continued to report the alleged IPMG debt on plaintiff's consumer credit report. Id. at ¶ 9. Accordingly, on August 17, 2015, plaintiff contacted Equifax through its online investigation system, alerting Equifax that the collections account "was added in error." Equifax's Mot. Summ. J. Ex. 1 ("Munson Decl.") ¶¶ 44, 46-47 (doc. 38-1). Plaintiff included the Genesis Letter with his online complaint to Equifax. Id. at ¶ 48; Stevens Decl. ¶ 8 (doc. 45). On August 18, 2015, Equifax forwarded plaintiff's dispute to Genesis through its Automated Consumer Dispute Verification ("ACDV") system, which is used by CRAs to communicate with data furnishers regarding consumer disputes. Munson Decl. ¶¶ 22-23, 28-32, 49 (doc. 38-1). In its ACDV to Genesis, Equifax included the Genesis Letter. Id. at ¶¶ 48-49. Genesis responded to Equifax one week later stating the account did belong to plaintiff and requesting Equifax update the account's balance. Id. at ¶¶ 51-52. Equifax communicated the results of the reinvestigation to plaintiff that same day. Id. at ¶ 53.

In October 2015, plaintiff commenced this lawsuit, alleging three FCRA claims against Equifax under 15 U.S.C. § 1681c(a), 15 U.S.C. § 1681e(b), and 15 U.S.C. §1681i(a). Compl. ¶¶ 32-39 (doc. 1). Plaintiff asserts Equifax both willfully and negligently failed to comply with these provisions in violation of 15 U.S.C. § 1681n and 15 U.S.C. § 1681o. Id. Plaintiff seeks attorney fees, as well as punitive, statutory, and actual damages, from Equifax based on denied credit, lost business ventures, damage to reputation, and emotional distress. Id. at ¶¶ 34, 38, 49-50. Shortly after plaintiff initiated this action, Equifax deleted the collections account from plaintiff's credit report pursuant to Genesis's request. Munson Decl. ¶¶ 54-55 (doc. 38-1).

STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved

against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

DISCUSSION

Initially, Equifax argues summary judgment should be granted as to all claims because plaintiff failed to file a timely response. Additionally, Equifax contends summary judgment is appropriate on plaintiff's § 1681c(a) claim because his account was placed for collection fewer than seven years ago and, in any event, plaintiff waived this claim by failing to address it in his Response. Equifax also argues that summary judgment is warranted on plaintiff's § 1681e(b) claim in light of its detailed procedures to assure accuracy on consumer credit reports. Finally, Equifax contends summary judgment is appropriate on plaintiff's § 1681i(a) claim because its reinvestigation was reasonable and this lawsuit is actually a "collateral dispute" for which Equifax cannot be liable.

A.  Preliminary Matter

Before reaching the substantive merits of Equifax's motion, the Court must resolve Equifax's timeliness argument. Equifax is correct that plaintiff inadvertently filed an incorrect document, along with plaintiff's declaration, one day after his Response was due. Plaintiff, however, filed a corrected Response two days later. Thus, as indicated at oral argument, Equifax's timeliness argument is unpersuasive, as plaintiff corrected his mistake and filed his Response in a reasonable manner. Hearing (Apr. 6, 2017).

B.  Section 1681c(a) Claim

Plaintiff first alleges Equifax "include[ed] information on plaintiff's consumer report that antedate[d] the report by more than seven years in violation of 15 U.S.C. § 1681c(a)." Compl. ¶¶ 33, 37 (doc. 1).

In relevant part, § 1681c(a) of the FCRA prohibits CRAs from making consumer reports containing "[a]ccounts placed for collection or . . . [a]ny other adverse item of information . . . which antedates the report by more than seven years." 15 U.S.C. § 1681c(a). The seven-year period begins running 180 days after the "commencement of the delinquency which immediately preceded the collection activity." 15 U.S.C. § 1681c(c)(1). Courts have construed these provisions as imposing a seven-and-one-half year statute of limitations that begins running on the date of the delinquency. Seamans v. Temple Univ., 744 F.3d 853, 868 n.2 (3d Cir. 2014); Gillespie v. Equifax Info. Servs., LLC, 484 F.3d 938, 940 (7th Cir. 2007).

Plaintiff's brief fails to address Equifax's § 1681c(a) argument. See generally Pl.'s Resp. to Mot. Summ. J. (doc. 46). Plaintiff also neglected to discuss his § 1681c(a) claim at oral argument, making the record devoid of any response to Equifax's summary judgment motion. Hearing (Apr. 6, 2017). Moreover, plaintiff specified in his Response that the collections account "was erroneously assigned to a collection agency . . . more than *six years*" – i.e., less than seven years – after he vacated the IPMG apartment. Pl.'s Resp. to Mot. Summ. J. 4 (doc. 46) (emphasis added).

Due to plaintiff's waiver, combined with his representation to the Court that the alleged debt was reported within the requisite timeframe, Equifax's motion should be granted as to plaintiff's 15 U.S.C. § 1681c(a) claim. See Bojorquez v. Wells Fargo Bank, NA, 2013 WL 6055258, at *5 (D. Or. Nov. 7, 2013) ("[i]f a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded") (citation and internal quotations omitted); see also Celotex, 477 U.S. at 322 (summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden on proof at trial").

C.  Section 1681e(b) Claim

Plaintiff alleges Equifax failed to follow reasonable procedures in contravention of 15 U.S.C. § 1681e(b). Compl. ¶¶ 33, 37 (doc. 1).

Section 1681e(b) of the FCRA provides that when a CRA prepares a consumer credit report, "it shall follow reasonable procedures to assure maximum possible accuracy of the information." 15 U.S.C. § 1681e(b). To state a prima facie violation of § 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995) (internal citation omitted). An item on a credit report is "incomplete or inaccurate" under the FCRA if "it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Bradshaw v. BAC Home Loans Servicing, LP, 816 F.Supp.2d 1066, 1071 (D. Or. 2011) (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009)). The FCRA, however, does not impose strict liability: "an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures." Guimond, 45 F.3d at 1333.

Section 1681e(b) reasonable procedure claims are distinct from § 1681i(a) reinvestigation claims. Saenz v. Trans Union, LLC, 621 F.Supp.2d 1074, 1081 (D. Or. 2007); Karmolinski v. Equifax Info. Servs. LLC, 2007 WL 2492383, at *4-5 (D. Or. Aug. 28, 2007). In particular, a CRA's § 1681e(b) "obligations relate to the maintenance and operation of its own internal databases." Saenz, 621 F.Supp.2d at 1081 (citation omitted). Section 1681i(a), on the other hand, dictates a CRA's duty to investigate the accuracy of information on a consumer's credit report only after the consumer notifies the CRA of a potential error. Id.; see also Dennis v. BEH-1,

LLC, 520 F.3d 1066, 1070 (9th Cir. 2008) (CRA's duty to conduct a reasonable reinvestigation is triggered once a consumer lodges a dispute) (citation and internal quotation marks omitted). Accordingly, "[e]vidence that an agency's reinvestigation procedures were unreasonable is therefore not competent to support a [§] 1681e(b) claim." Saenz, 621 F.Supp.2d at 1081. The dispositive inquiry in a § 1681e(b) claim is whether the CRA's "procedures for preparing" consumer credit reports are reasonable in that they attempt to "prevent inaccuracies." Guimond, 45 F.3d at 1334.

Because Equifax does not dispute that inaccurate information appeared on plaintiff's consumer report, plaintiff meets his prima facie burden under § 1681e(b). Therefore, the Court turns to whether Equifax had sufficient procedures to prevent this inaccuracy.

Equifax offers evidence demonstrating both its procedures for preparing consumer credit reports and their reasonableness. Munson Decl. ¶¶ 8-20 (doc. 38-1). Specifically, when a company wishes to become a data furnisher for Equifax, it must complete a "detailed application and sign a subscriber agreement," the latter of which requires compliance with the FCRA. Id. at ¶ 13. Once the company completes these steps and acquires a business license, Equifax "conducts an investigation of the company, which may include an onsite visit, to determine the company's legitimacy and reliability." Id. at ¶ 15. After Equifax approves the company as a data furnisher, the company provides Equifax with consumer information in an electronic format, on which Equifax then "conducts a series of computerized quality checks before adding the data to its consumer database." Id. at ¶¶ 18-19.

Plaintiff failed to argue or submit evidence suggesting these procedures are unreasonable or that Equifax did not follow these procedures in preparing his consumer report. Rather, plaintiff focuses on Equifax's handling of its reinvestigation after plaintiff submitted his online

dispute. See generally Compl. (doc. 1); Pl.'s Resp. to Mot. Summ. J. (doc. 46); see also Stevens Decl. ¶¶ 5-10 (doc. 45). Therefore, the Court treats plaintiff's failure to rebut or otherwise address the reasonableness of Equifax's procedures as a concession that summary judgment is appropriate as to his § 1681e(b) claim, especially because, as noted above, evidence that a CRA's investigation was not reasonable is insufficient to establish a claim under § 1681e(b). Bojorquez, 2013 WL 6055258 at *5; Celotex, 477 U.S. at 322. In sum, because plaintiff only expressly challenges Equifax's alleged mishandling of his dispute over his consumer report, any claim is best addressed pursuant to the FCRA's reasonable reinvestigation provision. Karmolinski, 2007 WL 2492383 at *4-5. Equifax's motion should be granted as to plaintiff's § 1681e(b) claim.

D.      Section 1681i(a) Claim

Plaintiff next alleges Equifax failed to comply with the reinvestigation requirements of 15 U.S.C. § 1681i(a). Compl. ¶¶ 33, 37 (doc. 1). Specifically, plaintiff argues Equifax violated § 1681i(a) because its reinvestigation merely involved Equifax "parroting false data" back and forth with Genesis. Pl.'s Resp. to Mot. Summ. J. 10-12 (doc. 46).

Section 1681i(a) of the FCRA requires that, when a CRA receives a dispute from a consumer, the CRA shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days. 15 U.S.C. § 1681i(a)(1)(A). In conducting the reinvestigation, § 1681i(a) requires the CRA "review and consider all relevant information submitted by the consumer." 15 U.S.C. § 1681i(a)(4). If the CRA discovers through its reinvestigation that information on the consumer's report is inaccurate, incomplete, or cannot be verified, the CRA must "promptly delete" or "modify" that information and notify the data furnisher of the change. 15 U.S.C. § 1681i(a)(5)(A).

Page 8 – FINDINGS AND RECOMMENDATION

To establish a claim under § 1681i(a), the plaintiff must demonstrate: (1) his consumer report contained inaccurate or incomplete information; (2) he notified the defendant of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the defendant failed to respond to plaintiff's dispute; and (5) the defendant's failure to reinvestigate the plaintiff's dispute caused the plaintiff to suffer actual damages. Bradshaw, 816 F.Supp.2d at 1073 (citing Thomas v. Trans Union, LLC, 197 F.Supp.2d 1233, 1236 (D. Or. 2002)).

There exists a genuine material dispute as to whether Equifax performed a reasonable reinvestigation. Specifically, a question of facts exists regarding whether Equifax's decision to simply forward the information it received from plaintiff through the ACDV was reasonable, especially given that plaintiff's complaint included the Genesis Letter, which indicated an error had occurred. Indeed, "[m]any courts, including this one, have concluded that where a CRA is affirmatively on notice that information received from a creditor may be suspect, it is unreasonable as a matter of law for the agency to simply verify the creditor's information through the ACDV process without additional investigation." Id. at 1073-74 (collecting cases).

Equifax nonetheless maintains that Bradshaw and the other cases cited by plaintiff are distinguishable because the CRAs in those cases did not transmit all of the relevant information via their ACDVs, whereas Equifax did so in the case at bar. Equifax's Reply to Mot. Summ. J. 13-14 (doc. 47); Equifax's Suppl. Reply to Mot. Summ. J. 1-4 (doc. 50). Equifax also intimated at oral argument that the letter furnished by plaintiff was not clearly attributable to Genesis, such that it had no credible information evincing the alleged debt may be inaccurate.[2] Hearing (Apr. 6, 2017).

---

[2] Equifax also argues summary judgment is appropriate because "it is neither reckless nor negligent to have reinvestigated [p]laintiff's dispute using the industry standard process that has been repeatedly approved by courts as reasonable." Equifax's Reply to Mot. Summ. J. 14 (doc.

Page 9 – FINDINGS AND RECOMMENDATION

Equifax's arguments are unavailing. The heading of the Genesis Letter states, in plain font, "GENESIS CREDIT MANAGEMENT."[3] Stevens Decl. Ex. A (doc. 45). The Letter lists the account number, balance owing, and contact information for any follow-up inquiries. Id. Although Equifax places much import on the fact that "Genesis is an entity that Equifax has determined to be a reliable source of information," this fact cuts both ways. See, e.g., Equifax's Mot. Summ. J. 14-17 (doc. 38). In other words, where, as here, written documentation from a reliable source stipulates that no debt exists and an account was "assigned in error," but that same reliable source then gives conflicting information via the ACDV regarding that very debt, a jury question exists concerning whether further investigative steps were reasonable. See Bradshaw, 816 F.Supp.2d at 1073-75 (denying defendant's summary judgment motion where it was unclear from the record whether a more thorough and detailed reinvestigation, beyond the use of the ACDV system, "could have discovered the inaccuracies in plaintiffs' [credit] reports").

Moreover, plaintiff does not challenge the legal validity of the underlying debt. Rather, he maintains the debt listed on Equifax's credit report never existed and instead was assigned to him in error. Compl. ¶¶ 10-14, 20 (doc. 1). As such, the collateral dispute doctrine does not apply in the case at bar. Compare id., with Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 891-92 (9th Cir. 2010) (the plaintiff acknowledged the existence of a debt but alleged her insurance

---

47). As discussed herein, there are disputed issues of material fact which preclude summary judgment on plaintiff's §1681i(a) claim. As such, the Court declines to resolve whether Equifax acted willfully or negligently, as "whether a FCRA violation is willful is a matter for the jury." Ashby v. Farmers Ins. Co. of Or., 565 F.Supp.2d 1188, 1206 (D. Or. 2008) (collecting cases).

[3] The copy of the Genesis Letter submitted by Equifax in support of its motion for summary judgment omits this heading. Equifax's Mot. Summ. J. Ex. 1-A (doc. 38-1). The Court presumes this was an oversight.

Page 10 – FINDINGS AND RECOMMENDATION

company was legally responsible for it, such that her claims against the CRA for reporting that debt to potential creditors represented a collateral dispute).

Because there is a disputed issue of material fact regarding the reasonableness of the reinvestigation, Equifax's motion should be denied on plaintiff's § 1681i(a) claim.

E.   Damages

Plaintiff seeks damages related to his "denial of credit, lost opportunity to receive credit," and lost business opportunities. Compl. ¶¶ 34, 38 (doc. 1); Equifax's Mot. Summ. J. Ex. 2, at 2-4 (doc. 38-2). Equifax argues plaintiff cannot recover for these economic losses because the FCRA does not allow consumers to recover for business losses. Equifax's Mot. Summ. J. 22-23 (doc 38). Equifax also contends plaintiff's evidence regarding denied credit (a letter from Chase Bank) is inadmissible hearsay. Id. at 23-24; Equifax's Reply to Mot. Summ. J. 10-11 (doc. 47).

Because there are genuine disputes of material fact regarding plaintiff's § 1681i(a) claim, the Court need not resolve these issues, as any determination concerning damages would be premature at this stage in the proceedings. Nevertheless, the Court notes that a plaintiff cannot recover business losses under the FCRA. Boydstun v. U.S. Bank Nat'l Ass'n ND, 187 F.Supp.3d 1213, 1217-18 (D. Or. 2016); see also Mone v. Dranow, 945 F.2d 306, 308 (9th Cir. 1991) (noting that Congress intended an earlier version of the FCRA to cover consumer reports, which determine credit, insurance, or employment, but not "business, commercial, or professional purposes") (citations omitted).

RECOMMENDATION

Equifax's Motion for Summary Judgment (doc. 38) should be granted as to plaintiff's 15 U.S.C. § 1681c(a) and 15 U.S.C. § 1681e(b) claims and denied in all other respects.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 2nd day of May 2017.

    s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge